# Ross *against* Cowden.

A debt of a testator for which the executor, who was also a residuary legatee, had taken a note in his own name, may be attached by process of execution against the executor for the payment of his own debt, it appearing that a number of years had elapsed since the death of the testator, and that there was abundance of estate beside to pay all debts and legacies.

[Ross v. Cowden.]

ERROR to the Common Pleas of *Northumberland* county.

John H. Cowden, executor of John Cowden deceased, against The Executors of Catherine Ross deceased.   Special verdict.

The executors of Ross obtained a judgment against John H. Cowden for $500, upon which they issued a *fieri facias* and attachment, by virtue of which they attached the money due upon a judgment of John H. Cowden against Henry Farnwalt.   It appeared that this judgment was founded upon a note which John H. Cowden had taken to himself personally, for a debt which was payable to him as executor of John Cowden deceased.   Farnwalt paid the money on an execution, and it was brought into court for appropriation.   It was claimed by John H. Cowden as executor of John Cowden deceased, for the payment of debts and legacies of the estate, of which some existed; and it was claimed by the executors of Mrs Ross for the payment of their judgment. The estate of John Cowden deceased, it appeared, was very large; and by his will he directed his debts and certain legacies to be paid, and then devised and bequeathed the whole residue of his estate to his son John H. Cowden.   It appeared that the estate was abundantly large to pay all debts and legacies, without the application of the fund now in court.   The court below rendered a judgment for the plaintiff.

*Bellas*, for plaintiff in error, argued that inasmuch as the debt actually belonged to John H. Cowden by the will as residuary legatee, and he had reduced it into possession by a note to himself, it was for every purpose his own money, and was attachable for his debt.

*Jordan* and *Greenough*, contra. - The taking of the note by the executor in his own name did not change the nature of it; it is still a trust fund—assets of the estate, which was applicable to the debts of the estate as long as one was unpaid.   11 *Serg. & Rawle* 377.   It was therefore not attachable for the debt of the executor.   1 *Whart. Dig.* 695, *tit. Execution, pl.* 228.

The opinion of the Court was delivered by

KENNEDY, J.—John H. Cowden, the defendant in error, who was the plaintiff in the court below, was made by his father, in his will, the residuary devisee and legatee of all the real and personal estate, and the sole executor thereof.   The residuum of the personal estate exceeded greatly the amount of the debts owing by the testator and the amount of the legacies given by his will. The legacies, however, have been adjudged during the present term to be payable out of the real estate devised to the defendant in error as well as the personal, and therefore a charge upon it. The great excess of the estate of the testator devised and bequeathed to the defendant in error, beyond what was sufficient to

[Ross v. Cowden.]

pay the debts and legacies, would seem to be a reason why they were not all paid long since; for it is highly probable that the large estate given to the defendant in error by his father's will, with the addition of what he had previously acquired, induced a general belief on the part of the legatees, as also the few creditors of the testator, that his means of payment were almost inexhaustible, and that, whenever they should want payment, they would obtain it without any delay or difficulty. And it being upwards of seven and a half years since the testator died, it cannot be supposed for a moment that payment of the debts and legacies could not have been obtained some five or six years ago, if the creditors and legatees had only insisted on it; but, considering all secure beyond the possibility of danger or doubt, they chose to lie by and permit the defendant in error to dissipate and apply or waste all the estate, as if it had been his own originally. Possessing such superabundant means for the payment of the debts and legacies as he did, and no claim made by suit against him on account of either for seven years or upwards after the death of the testator, furnished strong ground for the rest of the world to conclude that the debts and legacies were all paid, and that everything in possession of the defendant in error, or coming to him, even as executor nominally of the will of his father, was absolutely and exclusively his own; and under this construction it is fair to presume that, as such, he obtained credit with the world. But in this instance it appears by the record of the judgment that the debt which was attached was a debt coming to him in his own right, and not as executor, though it would appear to have been a debt owing to the testator originally, but was reduced to possession by the defendant in error taking a security and judgment in his own right for the payment of it. Under all the circumstances of this case, the debt attached may well be considered as a debt owing to the defendant in his own right, and liable to be attached as such under the Act of Assembly authorizing debts due to a defendant, against whom a judgment has been obtained for money, to be recovered by process of attachment, and applied towards payment of the judgment.

Judgment reversed, and judgment for the plaintiff in error.